## EFFECT OF AGREEMENT TO SETTLE CLAIM FOR LESS THAN THE FULL AMOUNT.

Circuit Court of Cuyahoga County.

. B. F. STAFFORD v. L. B. SIMMONS.

Decided, December 14, 1908.

An agreement to settle a disputed claim for less than the full amount
    thereof is no bar to a recovery of the full amount claimed, unless
    the less amount is paid.

*J. F. Herrick,* for plaintiff in error.
*Dorr E. Warner,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The relation of the parties to each other here is the reverse
of the relation in which they stood in the court of common pleas.
The terms plaintiff and defendant as used in this opinion will
refer to the parties as they were in the original action.

The plaintiff brought suit against the defendant for a balance
claimed on account of compensation for services rendered by
the plaintiff to the defendant upon a farm owned by the de-
fendant in Geauga county, Ohio, said services having been ren-
dered under contract, by which the defendant was to pay the
plaintiff at the rate of $50 per month. The defendant by his
amended answer denied the allegations of the petition, and fur-
ther says that a settlement was made betwen the parties in June,
1905, by which settlement it was agreed that the defendant
should pay to the plaintiff, in addition to what he had already
paid, the sum of $50 in full settlement of the balance claimed. .
To this the plaintiff replies, denying that the settlement pleaded
was ever made. It will be noticed that the defendant does not
aver that the $50 was ever paid, so that with the answer not
replied to the plaintiff would have been entitled to recover $50.
But the evidence upon whether there was a settlement and what
the terms of such settlement were, if one was made, is conflicting.
It is agreed by both parties that a writing was signed at the

time the settlement is claimed to have been made. The defendant says that such writing had a provision in it that released him, after he had paid some $20 or $25 and a further payment of $50 within ninety days and that the same should constitute a complete settlement of the balance claimed. The defendant, however, admits that he never paid the $50, so that even upon his theory it is difficult to understand how the plaintiff can be bound by it, if such agreement was upon a compromise where the parties disagreed about the amount owing by the defendant to the plaintiff. The plaintiff, however, says that the provision of the writing was (which writing is lost) that if the defendant would pay in addition to the $20 paid on that date the sum of $150 within ninety days, it should be accepted in full settlement. He agrees with the defendant in saying that nothing has been paid on such settlement, so that whether the statement of the plaintiff or the defendant be the true statement as to this settlement, the plaintiff could not be bound as to settlement by it since it has never been carried out by the defendant. Upon the trial, however, the defendant testified that though he had agreed with the plaintiff to pay him $50 per month, yet that the plaintiff did not faithfully perform on his part, because of the fact that he was addicted to the use of intoxicating liquors, and by such use unfitted himself for the performance of the work he was to do to such an extent that the defendant was thereby damaged, and to such an extent that it greatly reduced the value of the services of the plaintiff. This testimony is contradicted by the plaintiff and his wife, and the jury were left to determine the weight of this evidence, and unfortunately for the defendant the jury came to the conclusion that he was mistaken in his claim and that the plaintiff performed, as he claimed to have performed, the work which he contracted to do. The result was that the plaintiff recovered a judgment for the full amount claimed by him.

It is said in argument that the jury must have been influenced by prejudice, or it would have made some compromise between the claim of the two parties and brought in a verdict for perhaps the difference between what the defendant admitted that he

owed and what the plaintiff claimed that he owed. That juries sometimes do this every lawyer knows, and the practice is severely censured, and the fact that it can only be brought about by guessing that probably the parties are both in the wrong is also severely criticised by lawyers. If the jury believed the testimony of the plaintiff and his wife, in this case, their verdict was what it ought to have been and there is nothing before us which would justify us in saying that the jury did not believe the plaintiff and his wife, nor is there anything to justify us in concluding that the jury ought not to have believed these witnesses. For aught that appears, it was as probable that the defendant was mistaken and that he magnified the shortcomings of the plaintiff, as to believe that the plaintiff was mistaken and that his wife was mistaken in saying that he performed his work as his contract required him to. The result is that the judgment of the court of common pleas is affirmed.